UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

Alpine Partners (BVI), LP
FourWorld Special Opportunities Fund, LLC
QVT Family Office Fund, LP

Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery for Use in a Foreign Proceeding.

Case No. 21-mc-_496_____

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Burt M. Rublin (N.Y. Bar No. 5231857)
BALLARD SPAHR LLP
1675 Broadway, 19th floor
New York, NY 10019-5820
(212) 223-0200

Elizabeth Sloan
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3034
(302) 252-4465

*Attorneys for Petitioners*

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS....................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION AND FACTUAL BACKGROUND ..................................................... 1

ARGUMENT ....................................................................................................................... 4

I.   The Purposes of Section 1782 and The Three Statutory Requirements ........................... 4

    A.   Duff & Phelps and BofAS Are Found in this District ............................................ 6

    B.   The Discovery Would Be Used in a Foreign Proceeding ....................................... 6

    C.   Petitioners are "Interested Persons"....................................................................... 7

II.  The *Intel* Discretionary Factors Also Support the Application ........................................ 7

    A.   Duff & Phelps and BofAS Are Not Parties to the Appraisal Proceeding............... 8

    B.   Cayman Islands Courts are Receptive to Section 1782 Discovery......................... 8

    C.   Petitioners are Not Circumventing Cayman Islands Restrictions......................... 11

    D.   The Document Requests are Not Unduly Burdensome ........................................ 12

CONCLUSION................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*,
　785 F. Supp. 2d 434 (S.D.N.Y. 2011) ...................................................................... 7, 11

*In re Application of Athos Asia Event Driven Master Fund, et al. for an Order
　Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign
　Proceeding)*, No. 21-mc-00208 (S.D.N.Y. March 3, 2021) ................................... 4, 7, 11

*In re Application of Athos Asia Event Driven Master Fund, et al. for an Order
　Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign
　Proceeding)*, No. 21-mc-61 (D. Del. March 9, 2021) ........................................... 4, 7, 11

*In re Application of Hopkins*,
　No. 20-mc-80012, 2020 U.S. Dist. LEXIS 25386 (N.D. Cal. Feb. 13, 2020) ............................ 9, 11

*In re Application by Receivers Hugh Dickson & John Royle for An Ex Parte Order
　Pursuant to 28 U.S.C. § 1782 for Discovery in Aid of Foreign Proceedings,*
　No. 20-940, 2020 U.S. Dist. LEXIS 71828 (D.N.J. March 10, 2020), adopted, 2020
　U.S. Dist.. LEXIS 71744 (D.N.J. April 22, 2020) ........................................................ 11

*In re Application of Tianrui (Int'l) Holding Co.*,
　No. 19-mc-0545, 2020 U.S. Dist. LEXIS 196640 (S.D.N.Y. Oct. 22, 2020) ............................... 10

*In re Appl. For an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d
　77 (2d Cir. 1997) ................................................................................................ 12

*Athos Asia Event Driven Master Fund v. Crawford Grp., Inc. (In re Order Pursuant to
　28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding)*,
　No. 21-mc-00153, 2021 U.S. Dist. LEXIS 79008 (E.D.Mo. April 26, 2021) ........................ 4, 7, 11

*In re Dickson*, No. 20-mc-51, 2020 U.S. Dist. LEXIS 20791 (S.D.N.Y. Feb. 4, 2020) .................. 10, 11

*Euromepa, S.A. v. R. Esmerian, Inc.*
　51 F.3d 1095 (2d Cir. 1995) .......................................................................................... 5

*Gulf Inv. Corp. v. Port Fund L.P.*,
　No. 19-mc-593, 2020 U.S. Dist. LEXIS 224516 (S.D.N.Y. Nov. 30, 2020) ................................ 9

*Gushlak v. Gushlak*,
　486 F. App'x 215 (2d Cir. 2012) .................................................................................. 10

*Hanwei Guo v. Deutsche Bank Sec.*,
　965 F.3d 96 (2d Cir. 2020) ............................................................................................ 6

**Page(s)**

*In re IJK Palm LLC*,
  No. 16-mc-171, 2019 U.S. Dist. LEXIS 88065 (D.Conn. Jan. 30, 2019) .......................................11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004)..........................................................................................................*passim*

*In re Kleimar N.V.*,
  220 F.Supp.3d 517 (S.D.N.Y. 2016) ...........................................................................12

*Mangouras v. Boggs*,
  980 F.3d 88 (2d Cir. 2020) ...................................................................................5, 8

*Mees v. Buiter*,
  793 F.3d 291 (2d Cir. 2015) ...............................................................................12, 13

*In re Penner*,
  No. 17-12136, 2019 U.S. Dist. LEXIS 236759 (D. Mass. March 14, 2019)..................................11

*In re Platinum Partners Value Arbitrage Fund L.P.*,
  583 B.R. 803 (Bankr. S.D.N.Y. 2018).........................................................................10

*In re Temp. Servs. Ins. Ltd.*,
  No. 09-mc-48, 2009 U.S. Dist. LEXIS 77189 (W.D.N.Y. Aug. 28, 2009)....................................11

**Federal Statutes**

28 U.S.C. § 1782..........................................................................................................*passim*

Petitioners Alpine Partners (BVI), LP, FourWorld Special Opportunities Fund, LLC, and QVT Family Office Fund, LP (collectively, "Petitioners) hereby apply for an order under 28 U.S.C. § 1782 ("Section 1782") allowing discovery from Duff & Phelps, LLC, Duff & Phelps Securities, LLC (collectively, "Duff & Phelps") and BofA Securities, Inc. ("BofAS") for use in litigation now pending in the Cayman Islands in which the Petitioners are parties.

## INTRODUCTION AND FACTUAL BACKGROUND

Petitioners seek discovery under Section 1782 from Duff & Phelps regarding their roles as the financial advisors to the special committee formed by the board of  directors of Bitauto Holdings Limited (the "Special Committee" and the "Company," respectively), a company incorporated under the laws of the Cayman Islands,  in connection with a going-private merger transaction (the "Merger"). In addition, the Petitioners seek discovery under Section 1782 from BofAS concerning its role as the financial advisor to the investor consortium, which put forward the proposal to acquire the Company. The Merger resulted in Petitioners' 2,284,770 shares of the Company being compulsorily cashed out at an inadequate value.  Petitioners seek this discovery for use in an appraisal proceeding (the "Appraisal Proceeding") now pending before the Grand Court of the Cayman Islands (the "Grand Court"), in which the Petitioners and the Company are parties.  The Grand Court will determine the "fair value" of Petitioners' shares of the Company.

The Company is a provider of internet content and marketing services and transaction services for China's automotive industry.  It manages its businesses in three segments, namely, advertising and subscription, transaction services and digital marketing solutions.  Through its websites, web-based platforms as well as corresponding mobile applications, the Company provides a variety of services in respect of each of its businesses to customers and business partners, which include automakers, automobile dealers, auto finance partners and insurance

companies in China.  Until the Merger, the Company's shares were publicly traded on the New York Stock Exchange under the ticker symbol "BITA."

As set forth in the accompanying Declaration of Rocco Cecere (attached as Exhibit "A"),[1] on June 12, 2020, the Company entered into a Merger Agreement with Yiche Holding Limited and its subsidiary Yiche Mergersub Limited, which were Cayman Island entities created solely for purposes of the Merger.

An investor consortium was comprised of Tencent Holdings Limited and its affiliates, and Hammer Capital Opportunities Fund L.P. (acting through its general partner Hammer Capital Opportunities General Partner) (together, the "Consortium").  The Consortium entered into certain agreements with the Chairman of the Company, Mr. Bin Li, and his affiliates and JD.com Global Investment Limited (collectively, the "Buyer Group") in order to acquire all of the outstanding shares and American depositary shares ("ADS") of the Company.  The Merger was an all-cash transaction that valued each of the Company's shares and ADSs at US $16.  The Merger Agreement was approved by a special resolution passed at an Extraordinary General Meeting of the Company on October 23, 2020.  The Merger was completed on November 5, 2020.

Shortly after the Merger, the Company ceased to be a publicly traded company.  Aside from shares held by dissenting shareholders such as Petitioners, who validly exercised their rights to dissent from the Merger and instead elected to receive payment of fair value of their dissenting shares pursuant to Section 238 of the Companies Law of the Cayman Islands ("Companies Act"), each ordinary share of the Company issued and outstanding immediately prior to the effective date of the Merger was cancelled and ceased to exist in exchange for the right to receive US $16

---

[1]        Cecere Decl. at ¶ ¶ 9-11.

in cash without interest, and each outstanding American depositary share of the Company likewise had the right to receive US $16 in cash without interest.

Duff & Phelps, LLC served as financial advisor to the Special Committee and rendered a Fairness Opinion dated June 12, 2020 concluding that the US $16 per share merger consideration was fair to the Company's shareholders.[2]  Duff & Phelps Securities, LLC was engaged by the Special Committee to provide financial and market-related advice and assistance in connection with the Merger.  BofAS served as financial advisor to the Consortium, providing financial advice in relation to the Merger and any associated transactions.[3]  Duff & Phelps and BofAS each performed extensive financial analyses of the value of the Company and the value of each share of the Company.

As required by Section 238 of the Companies Act, the Company initiated the Appraisal Proceeding by filing a Petition with the Grand Court on January 11, 2021 (Case No. FSD 10 of 2021), seeking a determination of the fair value of the shares held by the Petitioners/Dissenting Shareholders.[4] Through the Appraisal Proceeding, the Petitioners are exercising their statutory right under Cayman Islands law to dissent from the Merger and seek to establish that the Company's value is substantially higher than the Merger consideration.

Under Cayman Islands law, the Company is only obligated to produce in the Appraisal Proceeding the documents within its "possession, custody or power."[5] The Petitioners are only entitled to documents either directly provided by the Company or by third parties that are subject to the jurisdiction of the Cayman Court.  Neither Duff & Phelps nor BofAS is a party to the

---

[2]     *Id*. at ¶ 11(b) and (c); Ex. 3 to Cecere Decl.

[3]     *Id*. at ¶ 6.

[4]     *Id.* at ¶ 2; Ex. 1 to Cecere Decl.

[5]     Cecere Decl. at ¶ ¶ 17-18.

Appraisal Proceeding or subject to the jurisdiction of the Grand Court.[6]  Thus, Petitioners are

filing this application in order to obtain relevant documents from Duff & Phelps and BofAS that

Petitioners could not otherwise obtain in the Appraisal Proceeding.[7]  Copies of the document

subpoenas that Petitioners seek to serve on Duff & Phelps, LLC, Duff & Phelps Securities, LLC

and BofAS are attached as Exhibits "A." "B" and "C," respectively, to the Declaration of Burt M.

Rublin, Esquire.

As demonstrated below, numerous courts in this District and elsewhere have granted

Section 1782 applications for discovery to be used in Cayman Islands proceedings, including

appraisal proceedings,[8] and Cayman Islands courts are receptive to such discovery.

## ARGUMENT

### I.       The Purposes of Section 1782 and The Three Statutory Requirements

Under Section 1782, "[t]he district court of the district in which a person resides or is

found [to] order him to give his testimony or statement or to produce a document or other thing

---

[6]      *Id.* at ¶ 23.

[7]      For instance, although Petitioners have received the Duff & Phelps, LLC Fairness Opinion which was provided to the Company and/or Special Committee, Petitioners will not have access to the internal communications and analyses of Duff & Phelps regarding that Opinion, or the models supporting the Opinion's valuation analyses which were not provided to the Company or the Special Committee.

[8]      *See, e.g., In re Application of Athos Asia Event Driven Master Fund, et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 21-mc-00208 (S.D.N.Y. March 3, 2021) at Dkt. No. 8 (attached as Exhibit "D" to Rublin Declaration) (granting Section 1782 application by dissenting shareholders to take discovery from Duff & Phelps for use in Cayman Islands appraisal proceeding); *In re Application of Athos Asia Event Driven Master Fund, et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 21-mc-61 (D.Del. March 9, 2021) at Dkt. No. 8 (attached as Exhibit "E" to Rublin Declaration) (granting Section 1782 discovery application by dissenting shareholders to take discovery for use in Cayman Islands appraisal proceeding); *Athos Asia Event Driven Master Fund v. Crawford Grp., Inc. (In re Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding)*, No. 21-mc-00153, 2021 U.S. Dist. LEXIS 79008 (E.D.Mo. April 26, 2021) (granted Section 1782 application by dissenting shareholders to take discovery for use in Cayman Islands appraisal proceeding).

for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person."[9]  The Supreme Court has explained that "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal court assistance in gathering evidence for use in foreign tribunals."[10]  The Second Circuit has repeatedly stated that district courts should evaluate discovery requests under Section 1782 "in light of the twin aims of the statute:  providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts…'"[11]  The Second Circuit has also noted that "Congress purposefully engineered section 1782 as 'a one-way street.  It grants wide assistance to others, but demands nothing in return.'"[12]  In addition, the Court has emphasized that "[a]bsent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance."[13]

Also, the Second Circuit has "refused to engraft a 'quasi-exhaustion requirement' onto Section 1782 that would force litigants to seek 'information through the foreign or international tribunal' before requesting discovery from the district court."[14]  By the same reasoning, the Second Circuit has rejected "any implicit requirement that any evidence sought in the United States be discoverable under the laws of the foreign country."[15]

---

[9]      28 U.S.C. § 1782(a).

[10]     *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004).

[11]     *Mangouras v. Boggs*, 980 F.3d 88, 97 (2d Cir. 2020).

[12]     *Euromepa, S.A. v. R. Esmerian, Inc*. 51 F.3d 1095, 1097 (2d Cir. 1995).

[13]     *Id.* at 1102.

[14]     *Id.* at 1098.

[15]     *Id.*

The Section 1782 analysis begins with consideration of the three statutory requirements: (1) the discovery target must be within the District where the application is filed; (2) the discovery sought must be intended for use in a proceeding in a foreign tribunal; and (3) the applicant must be an "interested person" in the foreign proceeding. [16] All three of these requirements are met here.

### A.     Duff & Phelps and BofAS Are Found in this District

Duff & Phelps, LLC and Duff & Phelps Securities, LLC are registered to do business in New York and are headquartered in New York City.  BofAS is registered to do business in New York and has its principal place of business in New York City.

### B.     The Discovery Would Be Used in a Foreign Proceeding

The documents sought by Petitioners are intended to be used in the Appraisal Proceeding in the Cayman Islands. These documents are relevant to the fair value of the Company shares and will assist the work of the Petitioners' valuation expert in the Appraisal Proceeding.[17] In a very recent decision directly on point, a court granted a Section 1782 application filed by dissenting shareholders who were parties to an appraisal proceeding in the Cayman Islands, finding that the "for use" requirement of Section 1782 was met because "Petitioners seek to use discovery from Crawford in aid of determining the fair value of their shares in the Appraisal Proceeding in the Cayman Islands."[18]  Similarly, a court in this District recently granted a Section 1782 application by dissenting shareholders to take discovery from Duff & Phelps for use in a Cayman Islands

---

[16]     *See Hanwei Guo v. Deutsche Bank Sec.,* 965 F.3d 96, 102 (2d Cir. 2020).

[17]     *See* Cecere Declaration at ¶ 6.

[18]     *Athos Asia Event Driven Master Fund v. Crawford Grp., Inc. (In re Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*), No. 21-mc-00153, 2021 U.S. Dist. LEXIS 79008, at *7 (E.D. Mo. April 26, 2021).

appraisal proceeding, and another court likewise granted a Section 1782 application to take discovery for use in that same appraisal proceeding.[19]

Cayman Islands courts have emphasized the need to consider all facts and matters that may have a bearing on the determination of the shares' fair value.[20]   As stated by the Cayman Islands Court of Appeal ("CICA"): "The sole task of the Court is to determine the fair value of the dissenters' shares. To do that, it needs full information."[21]

C.   Petitioners are "Interested Persons"

Petitioners are "interested persons" under Section 1782 because they are dissenting shareholders of the Company and parties to the Appraisal Proceeding.[22]

**II.   The *Intel* Discretionary Factors Also Support the Application**

In *Intel*, the Supreme Court set forth four discretionary factors that courts should analyze after first determining that the three Section 1782 statutory requirements have been met: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent;" (2) "the nature of the foreign

---

[19]   *In re Application of Athos Asia Event Driven Master Fund, et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*), No., 21-mc-00208 (S.D.N.Y. March 3, 2021) at Dkt. No. 8 (attached as Exhibit "D" to Rublin Declaration).   *Accord In re Application of Athos Asia Event Driven Master Fund, et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 21-mc-61 (D.Del. March 9, 2021) at Dkt. No. 8 (attached as Exhibit "E" to Rublin Declaration).

[20]   *See* Cecere Decl. at ¶¶ 19-21.

[21]   *Id.* at ¶ 20; Ex. 5 to Cecere Decl. at ¶19.

[22]   *See Athos Asia Event Driven Master Fund v. Crawford Grp., Inc. (In re Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding)*, No., 21-mc-00153, 2021 U.S. Dist. LEXIS 79008, at *8 (E.D. Mo. April 26, 2021) ("Petitioners are interested parties in the foreign tribunal because each is a dissenting shareholder and a party to the Cayman Islands Appraisal Proceeding"); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011) ("No doubt litigants are included among . . . the interested persons who may invoke § 1782.") (quoting *Intel*, 542 U.S. at 256).

tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court juridical assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the requests are "unduly intrusive or burdensome."[23]  These discretionary factors all militate strongly in favor of allowing Section 1782 discovery here.

### A.    Duff & Phelps and BofAS Are Not Parties to the Appraisal Proceeding

The first *Intel* factor to be considered is whether the discovery target is a participant in the foreign litigation. If so, the need for discovery assistance under Section 1782 is diminished. However, where, as here, the discovery is sought from persons or entities who are not parties to the foreign proceeding, they "may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."[24]

Duff & Phelps and BofAS are not parties to the Appraisal Proceeding and are not subject to the jurisdiction of the Grand Court.[25]  Thus, Petitioners are otherwise unable to obtain the discovery sought in this application.[26]

### B.    Cayman Islands Courts are Receptive to Section 1782 Discovery

The second *Intel* factor examines whether the foreign tribunal is receptive to Section 1782 discovery.   Courts in this District have held that a Section 1782 "[a]pplicant need not 'affirmatively show' that the foreign courts are receptive to United States federal judicial

---

[23]     *Intel*, 542 U.S. at 264–65; *Mangouras v. Boggs*, 980 F.3d 88, 97-98 (2d Cir. 2020).

[24]     *Intel*, 542 U.S. at 264.

[25]     Cecere Decl. at ¶ 23.

[26]     *Id.*

assistance; rather, the burden is on the opponent of a § 1782 request to prove that the foreign court would reject the evidence obtained through § 1782."[27]

Cayman Islands courts generally consider any evidence that has a bearing on determining the fair value of a company's shares in a Section 238 proceeding.[28] Petitioners are unaware of any precedents demonstrating that the Grand Court would refuse, as a matter of law. to consider the discovery sought in this application.[29]

In fact, Cayman Islands courts are receptive to the admission of discovery obtained through Section 1782 applications.[30] The CICA in *Lyxor Asset Management S.A. v. Phoenix Meridian Equity Limited*, [2009] CILR 553, expressly held that the right to obtain full discovery, pre-trial deposition testimony and documents, "is a right conferred by US law-it is not a right conferred by, or to be withheld under, Cayman law."[31] The CICA ruled that when a party has a right to conduct foreign discovery such as under Section 1782, there must be a compelling reason to prevent it from doing so. In addition, such a prohibition would only be appropriate when it would be unconscionable to allow the use of discovery obtained through foreign process.[32]

---

[27]    *Gulf Inv. Corp. v. Port Fund L.P.,* No. 19-mc-593, 2020 U.S. Dist. LEXIS 224516, at *8 (S.D.N.Y. Nov. 30, 2020).

[28]    Cecere Decl. at ¶ ¶ 19-21.

[29]    *See In re Application of Hopkins*, No. 20-mc-80012, 2020 U.S. Dist. LEXIS 25386, at *9 (N.D. Cal. Feb. 13, 2020) ("In the absence of evidence that the Cayman Islands court would object to Petitioners' discovery of the information sought in the subpoena, or that Cayman Islands courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.").

[30]    *See* Cecere Decl. at ¶ 24 and Cecere Decl. Ex. 7 at ¶ 57.

[31]    Cecere Decl. Ex. 7.

[32]    Cecere Decl. at ¶ 24; Cecere Decl. Ex. 7 at ¶ 57.

The CICA has held that third-party valuation materials may be considered in Section 238 appraisal proceedings:

> In my judgment, if third party valuations in the possession of the company are relevant, so are third party valuations not in the possession of the company, but, for instance, in the possession of the dissenting shareholders. After all, the question of fair value is closely related to the question of what a willing buyer and a willing seller would exchange for the shares of the company (or for the company as a whole): and that question is closely related to valuations conducted within the market generally.[33]

Duff & Phelps and BofAS possess extensive and important documentary evidence directly relevant to the determination of fair value in the Appraisal Proceeding. Duff & Phelps, LLC opined that the US $16 Share price was fair to the Company's shareholders in the Fairness Opinion, and the Company will be relying upon that Opinion in the Appraisal Proceeding. Similarly, BofAS provided advice to the Consortium concerning the value of the Company and the proposed US $16 Share price.  Accordingly, the discovery sought herein is relevant and may be relied upon in the Appraisal Proceeding by the parties, their experts, and the Grand Court.

Significantly, the Second Circuit and courts in this District and elsewhere have repeatedly found that "Cayman courts are in fact receptive to evidence obtained through U.S. discovery procedures, even if such evidence may not be discoverable under Cayman law."[34]   Indeed, in

---

[33]   *See* Cecere Decl. Ex. 4 (*Re Qunar Cayman Islands Limited* (unreported, 10 April 2018, CICA NO 24 of 2017) at paragraph 60.

[34]   *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 816 (Bankr. S.D.N.Y. 2018); *see Gushlak v. Gushlak*, 486 F. App'x 215, 218 (2d Cir. 2012) (affirming use of Section 1782 applications in connection with Cayman divorce proceedings); *In re Dickson*, No. 20-mc-51, 2020 U.S. Dist. LEXIS 20791, a *5 (S.D.N.Y. Feb. 4, 2020) ("there is no reason to doubt that the Grand Court [of the Cayman Islands] would not be receptive to this discovery"); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F.Supp.2d 434, 439 (S.D.N.Y. 2011) (granting Section 1782 application seeking documents for use in Cayman Islands proceedings); *In re Application of Tianrui (Int'l) Holding Co.*, No. 19-mc-0545, 2020 U.S. Dist. LEXIS 196640 (S.D.N.Y. Oct. 22, 2020) (same); *In re Temp. Servs. Ins. Ltd.*, No. 09-mc-48, 2009 U.S. Dist. LEXIS 77189 (W.D.N.Y. Aug. 28, 2009) (same); *In re IJK Palm LLC*, No. 16-mc-171, 2019 U.S. Dist.

three very recent orders, the courts granted Section 1782 applications by dissenting shareholders

seeking documents for use in appraisal proceedings in the Cayman Islands.[35]

C.     Petitioners are Not Circumventing Cayman Islands Restrictions

The third *Intel* factor examines whether Section 1782 is being utilized improperly to

"circumvent foreign proof-gathering restrictions."[36]  The Second Circuit has stated that this factor

does "not 'authorize denial of discovery pursuant to § 1782 solely because such discovery is

unavailable in the foreign court, but simply . . . allow[s] consideration of foreign discoverability

(along with many other factors) when it might otherwise be relevant to the § 1782 application.'"[37]

---

LEXIS 88065 (D.Conn. Jan. 30, 2019) (same); *In re Application of Hopkins*, No. 20-mc-80012, 2020 U.S. Dist. LEXIS 25386, at *8 (N.D. Cal. Feb. 13, 2020) ("there is no indication that the Cayman Islands court would not be receptive to the information sought"); *In re Application by Receivers Hugh Dickson & John Royle for an Ex Parte Order Pursuant to 28 U.S. C. § 1782 for Discovery in Aid of Foreign Proceedings*, No. 20-940, 2020 US. Dist. LEXIS 71828, at *10 (D.N.J. March 10, 2020), *adopted*, 2020 U.S. Dist. LEXIS 71744 (D.N.J. April 22, 2020) ("the Grand Court [of the Cayman Islands] appears receptive to judicial assistance from abroad"); *In re Penner*, No. 17-12136, 2019 U.S. Dist. LEXIS 236759, at *13 (D. Mass. March 14, 2019) ("the Grand Court is open to receiving the discovery at issue").

[35]     *Athos Asia Event Driven Master Fund, supra*, 2021 U.S. Dist. LEXIS 79008 at *3, 10 (noting that "Cayman Islands law only enables Petitioners to take discovery from the parties involved in the Appraisal Proceeding.  Crawford is not a party to the Appraisal Proceeding," and "[t]here is no indication in the record here that a discovery order would be unwelcome by the Cayman Islands court"); *In re Application of Athos Asia Event Driven Master Fund, et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceedings*, No. 21-mc-0028 (S.D.N.Y. March 3, 2021) at Dkt. No. 8 (attached as Exhibit "D" to Rublin Declaration) (granting Section 1782 application by dissenting shareholders to take discovery from Duff & Phelps for use in Cayman Islands appraisal proceeding); *In re Application of Athos Asia Event Driven Master Fund, et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 21-mc-61 (D.Del. March 9, 2021) at Dkt. No. 8 (attached as Exhibit "E" to Rublin Declaration) (granting Section 1782 application by dissenting shareholders to take discovery for use in Cayman Islands appraisal proceeding).

[36]     *Intel*, 542 U.S. at 264–65.

[37]     *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015) (quoting *In re Appl. for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997)). As stated above, the discovery sought need not be discoverable or admissible in the foreign

As set forth in the Cecere Declaration, the discovery Petitioners seek is unavailable in the Appraisal Proceeding because Cayman Islands courts are empowered only to order discovery of documents that are in the "possession, custody or power" of a party to an action.  Petitioners are seeking discovery from Duff & Phelps and BofAS, who are not parties to the Appraisal Proceeding, and thus not subject to discovery in the Appraisal Proceeding.[38] In addition, neither Duff & Phelps nor BofAS is subject to the jurisdiction of the Cayman Islands courts for the purposes of third party disclosure.[39]

### D.    The Document Requests are Not Unduly Burdensome

Finally, the document requests are not "unduly intrusive or burdensome."[40]   The respondent to a Section 1782 discovery application bears the burden to establish that the discovery would impose an undue burden.[41] Also, "relevance is defined extremely broadly for the purpose of determining whether to grant a request for discovery in aid of a foreign proceeding, and a district court should treat requests for discovery in aid of foreign proceedings, under section 1782, permissively, especially where, as here, the discovery is sought from a non-party to the foreign actions."[42]   Duff & Phelps and BofAS cannot meet their burden of showing that the document requests are overbroad, unduly intrusive, or burdensome.

---

forum. *Intel*, 542 U.S. at 253 ("We now hold that § l782(a) does not impose [] a [foreign-discoverability] requirement.").

[38]    Cecere Decl. at ¶ 23.

[39]    *Id.* at ¶ 22.

[40]    *Intel*, 542 U.S. at 264-65.

[41]    *In re Kleimar N.V.,* 220 F.Supp.3d 517, 522 (S.D.N.Y. 2016) (respondent to a Section 1782 application "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden").

[42]    *In re 28 U.S.C. § 1782*, 249 F.R.D. 96, 103 (S.D.N.Y. 2008).

The document requests are narrowly drawn to seek documents relevant to the Appraisal Proceeding. They focus on valuations and related financial analyses of the Company and are confined to a limited time period.  To the extent that the Court has concerns that any of the requests are overbroad, "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright."[43]

Thus, as shown above, the *Intel* discretionary factors all support the grant of this Section 1782 application.

## <u>CONCLUSION</u>

For the reasons set forth above, Petitioners respectfully request that this Court grant this application for discovery under Section 1782.

Dated: June 24, 2021
      New York, New York

BALLARD SPAHR LLP

By:  */s/ Burt M. Rublin*
Burt M. Rublin (N.Y. Bar No. 5231857)
1675 Broadway, 19th floor
New York, NY 10019-5820
(212) 223-0200

Elizabeth Sloan
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3034
(302) 252-4465

*Attorneys for Petitioners*

---

[43]    *Mees*, 793 F.3d at 302.